**Jamyang SANGPO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2258–ag.

United States Court of Appeals, Second Circuit.

Feb. 14, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Michael Lehach, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General, Civil Division; James E. Grimes, Senior Litigation Counsel; Scott Rempell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Jamyang Sangpo, allegedly a native and citizen of Tibet, seeks review of an April 27, 2007 order of the BIA affirming the September 13, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying Sangpo's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jamyang Sangpo*, No. A 98 690 027 (B.I.A. Apr. 27, 2007), *aff'g* No. A 98 690 027 (Immig. Ct. N.Y. City Sept. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

### I. Asylum, Withholding, and CAT

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA found that "some" of the inconsistencies identified by the IJ were sufficient to support the adverse credibility finding in this case, but that Sangpo had "adequately explained" others. Given that the BIA explicitly agreed with the IJ's findings with regard to Sangpo's identity and the inconsistency concerning whether Sangpo's wife and children were being tortured, it appeared to disagree with the IJ only insofar as he relied on an alleged inconsistency concerning whether Sangpo had testified that he participated in political activities in Tibet. Thus, we review both the BIA's and IJ's decisions, with the

exception of the finding the BIA rejected. *See id.* at 522.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ An asylum applicant's nationality is a threshold question in determining his eligibility for asylum, *see Wangchuck v. Dep't of Homeland Security,* 448 F.3d 524, 528 (2d Cir.2006), and it is his burden to establish that eligibility, *see* 8 C.F.R. § 1208.13(a). Here, substantial evidence supports the IJ's finding that Sangpo failed to establish his identity. The BIA and IJ appropriately declined to accept Sangpo's household register into evidence other than for purposes of identification because he submitted it on the day of the hearing. The IJ accurately observed that the document indicated that it had been translated in June 2005, approximately three months prior to the September 2005 hearing. In addition, even if Sangpo had only received it a month prior to the hearing, as his counsel suggested, the IJ appropriately found that there was "more than

sufficient time" to have submitted the household register in a timely manner. Further, although the document indicated that Sangpo had resided in Tibet, the IJ correctly noted that it was not issued at the time of his birth and did not specify his nationality or citizenship. Moreover, while Sangpo asserts that the regulations do not require asylum-seekers to submit evidence within ten days of their hearings, we decline to review that issue because he failed to raise it before the BIA, or to object to that requirement during the hearing. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is mandatory, even if not a jurisdictional requirement). Under these circumstances, the IJ reasonably declined to give weight to Sangpo's household register. *See Xiao Ji Chen,* 471 F.3d at 341–42 (holding that the weight afforded to documentary evidence " 'lies largely' within the discretion of the IJ").

Additionally, the IJ reasonably relied on a forensic report to find that Sangpo's Nepalese passport "clouded" the issue of his identity. The forensic report in the record indicates that Sangpo's assertedly fraudulent Nepalese passport "conform[s] to genuine specimens" on file in the Forensic Document Laboratory. Because Sangpo does not specifically challenge the reliability of the report, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

Sangpo argues that the lack of clarity regarding his nationality is, in itself, basis for a remand. While Sangpo is correct that an applicant's nationality is a threshold issue, it is his burden to establish his nationality and the failure to do so is a proper basis for the denial of relief. *See*

*Dhoumo v. BIA*, 416 F.3d 172 (2d Cir. 2005).[2] Here, based on the forensic report, the IJ properly reasoned that Sangpo's passport indicated that he was a citizen of Nepal. *See Xiao Ji Chen*, 471 F.3d at 341 (emphasizing that in rejecting an applicant's claim, the IJ should "consider all the evidence in the record that has probative value").

Moreover, the IJ reasonably declined to credit the testimony of Sangpo's witness, Jamga Lama, who testified as to Sangpo's nationality. Lama did not know the names of any of Sangpo's children, and, when asked the name of Sangpo's brothers, Lama provided three names, although Sangpo indicated in his written application that he had only two brothers. Furthermore, although Sangpo contends that there were problems with the translation throughout the hearing, he does not point to a translation error within this specific portion of Lama's testimony. In addition, the IJ properly noted that Lama failed to provide any corroborative documentation as to his own identity or prior residence. While Sangpo asserts that Lama's employment authorization card verifies that information, the card indicates only Lama's name, that he has been granted asylum, and that he was born in China. Thus, based on this testimony, the BIA and IJ appropriately found that Lama failed to provide "convincing evidence" of Sangpo's identity.

Because the identity finding is supported by the record and is dispositive of Sangpo's asylum claim, *see Wangchuck*, 448 F.3d at 528; 8 C.F.R. § 1208.13(a), we decline to reach the agency's adverse credibility finding.[3] Moreover, because Sangpo was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under the CAT, to the extent that they rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

II. Country of Removal

Although we deny the petition for review with respect to Sangpo's challenge to the denial of his application for asylum, withholding of removal, and relief under the CAT, we nevertheless remand for the limited purpose of allowing the BIA to determine, in the first instance, whether the IJ's decision conformed with the requirements of 8 C.F.R. § 1240.12(d). In his brief, Sangpo argues that the agency erred by failing to designate a country of removal. We find this argument persuasive. While the Government asserts that Sangpo failed to exhaust this argument before the BIA, and that the IJ's failure to designate a country of removal was not error, these arguments are unavailing. As to the Government's exhaustion argument, in his brief to the BIA, Sangpo observed

---

2. To the extent Sangpo relies on *Dhoumo* and *Wangchuck*, that reliance is misplaced. In those cases, the Court held that the BIA and IJ erred by failing to determine the nationality of the petitioners. *See Dhoumo*, 416 F.3d at 175; *see also Wangchuck*, 448 F.3d at 529. Here, in contrast, the BIA and IJ attempted to determine Sangpo's nationality, but found that Sangpo's evidence was insufficient to establish his identity.

3. Our review of the record indicates that the IJ mischaracterized a letter from the Office of Tibet. While the IJ stated that there was "no indication of what information was relied upon for the issuance of the document," the letter specifically states that the author relied on the contents of Sangpo's "Green Book." However, any error in this respect was harmless, because it can be "confidently predicted" that the agency would adhere to the same decision upon remand, absent any error. *See Xiao Ji Chen*, 471 F.3d at 339–340.

that the IJ "did not designate a country of removal," and argued that "the IJ made no finding on Sangpo's country of nationality, which was itself erroneous." Thus, Sangpo adequately exhausted this issue before the BIA. *See Lin Zhong,* 480 F.3d at 121–22, 124.

Proceeding to consider Sangpo's argument, the BIA recently held that, when an IJ issues a decision granting an alien's application for withholding of removal without a grant of asylum, the decision must include an explicit order of removal designating a country of removal. *See Matter of I–S & C–S–,* 24 I. & N. Dec. 432 (BIA 2008). In rendering its decision, the BIA emphasized that 8 C.F.R. § 1240.12(d)[4] requires the IJ to identify a country, or countries in the alternative, to which the alien may be removed. *Id.* at 433. The BIA noted that, in this way, the regulations contemplate that an IJ will enter an order that leads to a "final conclusion" of the removal proceedings. *Id.* Here, the IJ ordered that Sangpo be removed from the United States, but did not designate a specific country of removal, instead stating that the country would be designated by the Attorney General. In light of the BIA's decision in *Matter of I–S & C–S–,* it is unclear whether this was sufficient under 8 C.F.R. § 1240.12(d). Accordingly, we remand to the BIA to resolve that issue.

For the foregoing reasons, the petition for review is DENIED, in part, and GRANTED, in part, and the case is REMANDED for further proceedings consistent with this order. As we have complet-ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

4. That provision states, "When a respondent is ordered removed from the United States, the immigration judge *shall* identify a country, or countries in the alternative, to which the alien's removal may in the first instance be made, pursuant to the provisions of section 241(b) of the Act." 8 C.F.R. § 1240.12(d) (emphasis added).

